UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOSHUA JAMES KINDER and					**AMENDED REPORT AND**
SHANE MICHAEL GOGEL,					**RECOMMENDATION**

                         Plaintiffs,			10-CV-00248-RJA-JJM

v.

CITY OF SALAMANCA,
CITY OF SALAMANCA POLICE DEPARTMENT,
and SGT. RHONDA STANTON,

                         Defendants.
_____

        This case has been referred to me by Hon. Richard J. Arcara for supervision of pretrial proceedings ([5]).[1] On March 30, 2012, I issued a Report, Recommendation and Order ([31]), in which I granted plaintiffs' motion for leave to amend their Complaint [26] and recommended that defendants' motion for summary judgment [16] be granted in part and denied in part.

        Three days later, the Supreme Court decided <u>Rehberg v. Paulk</u>, 132 S.Ct. 1497 (2012), addressing the question of whether a grand jury witness is entitled to absolute immunity - an issue which had been raised in defendants' motion for summary judgment.  Therefore, by Text Order dated April 2, 2012 [32], I stayed the deadline for objections to my Report, Recommendation and Order, and invited the parties to address whether <u>Rehberg</u> requires reconsideration of that decision.

        Having considered the parties' subsequent submissions [33, 34] in light of <u>Rehberg</u>, I am amending my Report, Recommendation and Order [31] so as to recommend that

---

[1]     Bracketed references are to CM-ECF docket entries.

plaintiffs' claims against Sgt. Stanton under 42 U.S.C. §1983 be dismissed to the extent they are based upon her grand jury or preliminary hearing testimony. In all other respects, the Report, Recommendation and Order remains unchanged.

## ANALYSIS

In moving for summary judgment, defendants argued that Sgt. Stanton "is entitled to absolute immunity for her Grand Jury testimony . . . . By reason of the foregoing and the absolute immunity provided to Sgt. Stanton with respect to her Grand Jury testimony, the claims of the plaintiffs of the violation of any of their constitutional rights resulting from the alleged false testimony must be dismissed". Defendants' Memorandum of Law [17], pp. 15, 16-17. Among the authorities cited by defendants was Rehberg v. Paulk, 611 F.3d 828 (11th Cir. 2010), holding that a police investigator had absolute immunity from any claim based on his grand jury testimony. Defendants' Memorandum of Law [17], p. 16.

In rejecting that argument, I relied upon Second Circuit authority which, unlike the 11th Circuit, held that absolute immunity is not available to a "complaining witness" whose testimony contributes to the initiation of a criminal prosecution. Report, Recommendation and Order [31], pp. 14-16. At that time, "[t]here [was] a split in the circuits concerning the complaining witness exception to absolute immunity for false grand jury testimony." Zomber v. Stolz, 2012 WL 252844, *2 n. 1 (E.D.N.Y. 2012).

The Supreme Court in Rehberg "granted certiorari to resolve a Circuit conflict regarding the immunity of a 'complaining witness' in a grand jury proceeding" (132 S.Ct. at 1501), and resolved that conflict by concluding that "grand jury witnesses should enjoy the same

immunity as witnesses at trial. This means that a grand jury witness has absolute immunity from any §1983 claim based on the witness' testimony". Id. at 1506. The Court reasoned that "a complaining witness cannot be held liable for perjurious *trial* testimony [citation omitted]. And there is no more reason why a complaining witness should be subject to liability for testimony before a grand jury." Id. at 1507 (emphasis in original).

Although defendants initially sought absolute immunity only for Sgt. Stanton's grand jury testimony, they now argue that "based on Rehberg, Sgt. Stanton is also entitled to absolute immunity for her testimony at the preliminary hearing". Defendants' Memorandum of Law [33], p. 5.[2] Since plaintiffs concede that if their §1983 claims against Sgt. Stanton "were based entirely upon her false and misleading testimony *at pretrial proceedings*, the Rehberg decision would render those claims subject to dismissal on the basis of absolute immunity" (plaintiffs' Supplemental Letter Brief [34], p. 3 (emphasis added)), I recommend that plaintiffs' §1983 claims against Sgt. Stanton be dismissed to the extent that they are based on her grand jury or preliminary hearing testimony.

Defendants further suggest that "Sgt. Stanton should be granted absolute immunity with respect to all of the plaintiffs' civil rights *and state law* claims since the basis of the claims was the dismissal of the indictment based on the testimony at the grand jury proceedings." Defendants' Memorandum of Law [33], p. 4 (emphasis added). I disagree. Rehberg addressed only §1983 claims, not state law claims. Moreover, in moving for summary judgment, defendants sought absolute immunity for Sgt. Stanton only as to "the claims of the

---

[2] "The lower courts have held that witnesses at a preliminary hearing are protected by the same immunity accorded grand jury witnesses." Rehberg, 132 S.Ct. at 1510.

plaintiffs of the violation of any of their *constitutional* rights resulting from the alleged false testimony". Defendants' Memorandum of Law [17], p. 17 (emphasis added).

In any event, defendants' assertion that "the basis of the claims was the dismissal of the indictment based on the testimony at the grand jury proceedings" (defendants' Memorandum of Law [33], p. 4) is unfounded. One element of plaintiffs' claims is the termination of criminal proceedings in their favor, which occurred not when the first grand jury's indictment was dismissed by Judge Himelein, but when the second grand jury refused to indict. *See* Creary v. Village of Mamaroneck, 110 A.D.2d 870, 871 (2d Dep't 1985) ("The Grand Jury's decision not to return a true bill constituted a final disposition in a criminal court . . . and it was as of this date that the criminal proceedings terminated in plaintiff's favor and that his claim for malicious prosecution accrued"); Pritzker v. City of Hudson, 26 F.Supp.2d 433, 442 (N.D.N.Y. 1998) ("the grand jury's return of a 'no bill' is a termination of a criminal proceeding in plaintiff's favor"). Given the secrecy of grand jury deliberations, it is impossible to discern (at least as a matter of law) why the second grand jury refused to indict.[3]

Thus, the fact that Sgt. Stanton has absolute immunity from §1983 claims based upon her testimony does not mean that all of plaintiffs' claims against her must be dismissed. "Of course, we do not suggest that absolute immunity extends to *all* activity that a witness conducts outside of the grand jury room. For example, we have accorded only qualified

---

[3] The grand jury's failure to indict does not necessarily mean that probable cause was lacking, since the grand jury "does not determine only that probable cause exists to believe that a defendant committed a crime, or that it does not". Vasquez v. Hillery, 474 U.S. 254, 263 (1986). "The grand jury is not bound to indict in every case where a conviction can be obtained." Id. For example, it may "reject an indictment that, although supported by probable cause, is based on governmental passion, prejudice, or injustice". United States v. Marcucci, 299 F.3d 1156, 1164 (9th Cir. 2002), cert. denied, 538 U.S. 934 (2003).

immunity to law enforcement officials who falsify affidavits . . . and fabricate evidence concerning an unsolved crime". Rehberg, 132 S.Ct. at 1507 n. 1 (emphasis in original).

Thus, for example, plaintiffs' claims of malicious prosecution arising from Sgt. Stanton's commencement of the criminal proceeding by filing the criminal complaint remain unaffected by her absolute immunity for her pretrial testimony.  See Burt v. Aleman, 2008 WL 1927371, *5  (E.D.N.Y. 2008) ("A police officer who swears to and signs a criminal court complaint, . . .  has 'initiated'  a prosecution"); Pritzker, 26 F.Supp.2d at 442 ("It is undisputed that Kisselbrack signed the felony complaint and, therefore, the first element [of a malicious prosecution claim] is established as to him").[4]

Finally, plaintiffs suggest that "[n]otwithstanding the Rehberg decision, the jury in the instant matter should be allowed to decide whether Stanton's testimony was indeed materially false and, if so, whether it overcomes the presumption of probable cause created by Judge Gabler's determination" that probable cause existed. Plaintiffs' Supplemental Letter Brief [34], p. 2.  While I am inclined to agree, that issue is not currently before me, and is better left for Judge Arcara to decide at (or prior to) trial.

---

[4] The Court in Rehberg likewise noted the distinction between testifying before a grand jury and filing a criminal complaint: "Petitioner says there is no reason to distinguish between a person who goes to the police to swear out a criminal complaint and a person who testifies to facts before a grand jury for the same purpose and with the same effect . . . . But this is like saying that a bicycle and an F–16 are the same thing. Even if the functions are similar as a general matter, the entities are quite different. Grand juries, by tradition, statute, and sometimes constitutional mandate, have a status and entitlement to information that absolute immunity furthers." 132 S.Ct. at 1508, n. 3.

**CONCLUSION**

For these reasons, my prior Report, Recommendation and Order [31] is amended so as to recommend that plaintiffs' claims against Sgt. Stanton under 42 U.S.C. §1983 be dismissed to the extent they are based upon her grand jury or preliminary hearing testimony. In all other respects, the Report, Recommendation and Order remains unchanged.

Unless otherwise ordered by Judge Arcara, any objections to this Amended Report and Recommendation, or to my Report, Recommendation and Order [31], must be filed with the clerk of this court by May 28, 2012 (applying the time frames set forth in Fed. R. Civ. P. 6(a)(1)(C), 6(d), and 72(b)(2)). Any requests for extension of this deadline must be made to Judge Arcara.  A party who "fails to object timely . . . waives any right to further judicial review of [this] decision".  Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance.  Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and

explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: May 10, 2012

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge